IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01392-GPG

QUENTIN THORNTON,

    Plaintiff,

v.

DENVER/SHERIFF JONATHAN VELEZ,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Quentin Thornton, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Thornton has filed *pro se* a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983. He seeks damages as relief.

    The court must construe the complaint liberally because Mr. Thornton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Thornton will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Thornton claims his constitutional rights were violated on May 16, 2015, when he was assaulted by Defendant.  Mr. Thornton specifically alleges that Defendant used excessive physical force and verbally abused him while restraining him in the intake area at the jail.  However, Mr. Thornton's vague and conclusory allegations that he was assaulted and that Defendant used excessive force are not sufficient to satisfy the requirement that he provide a short and plain statement of his claims showing he is entitled to relief.  In particular, Mr. Thornton fails to assert specific facts describing what Defendant actually did that allegedly amounted to excessive force and how he was injured as a result of the alleged use of excessive force.

Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings.  *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D.

Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110.

For these reasons, Mr. Thornton will be directed to file an amended complaint. Mr. Thornton must identify the specific constitutional claims he is asserting, the specific factual allegations that support each claim, and what Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). Accordingly, it is

ORDERED that Mr. Thornton file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Thornton shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Thornton fails within the time allowed to file an

amended complaint that complies with this order, the action will be dismissed without further notice.

DATED July 2, 2015, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge