IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01392-GPG

QUENTIN THORNTON,

      Plaintiff,

v.

DENVER SHERIFF JONATHAN VELEZ,

      Defendant.

---

## ORDER

---

      This matter is before the court on the "Motion to Amend Complaint" (ECF No. 10) and the "Motion to Appoint Counsel for Plaintiff" (ECF No. 11) filed *pro se* by Plaintiff, Quentin Thornton, on July 13, 2015.  For the reasons stated below, the motions will be denied.

      Mr. Thornton is an inmate at the Denver County Jail in Denver, Colorado.  He initiated this action by filing a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 asserting vague and conclusory claims that his constitutional rights were violated on May 16, 2015, when he was assaulted by Defendant.  On July 2, 2015, Mr. Thornton filed an amended Prisoner Complaint (ECF No. 6) asserting the same vague and conclusory claims.  Also on July 2, 2015, the court ordered Mr. Thornton to file an amended complaint that provides specific factual allegations in support of the claims he is asserting.

      Mr. Thornton has not filed an amended complaint as directed in the court's July 2

order, although he does include additional factual allegations in support of his claims in the "Motion to Amend Complaint."  The "Motion to Amend Complaint" will be denied without prejudice because Mr. Thornton has not submitted an amended pleading with the motion and the court cannot consider the additional factual allegations if they are not included in a proper amended pleading.  However, Mr. Thornton will be given another opportunity to file an amended pleading that clarifies the claims he is asserting if he wishes to pursue those claims in this action.  Mr. Thornton is directed to file an amended pleading on the court-approved Prisoner Complaint form that includes all of his claims and all of the factual allegations that support those claims.  Mr. Thornton is reminded that he must identify the specific constitutional claims he is asserting, the specific factual allegations that support each claim, and what Defendant did that allegedly violated his rights.  *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").

The court next will address the "Motion to Appoint Counsel."  The factors to be considered in deciding whether to appoint counsel generally include the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to present his claims, and the complexity of the legal issues being raised.  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "The burden is on the applicant to convince the court

that there is sufficient merit to his claim to warrant the appointment of counsel."

*McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

The court does not believe that appointment of counsel to represent Mr. Thornton is necessary or appropriate at this time.  Most importantly, it appears that Mr. Thornton has the ability to provide a clear statement of the factual allegations that support the constitutional claims he is asserting against Defendant in this action.  The remaining problem, Mr. Thornton's failure to assert those factual allegations in a proper pleading on the court-approved Prisoner Complaint form, has been identified in this order and Mr. Thornton will be provided another opportunity to correct the problem.  Therefore, the motion to appoint counsel will be denied at this time.  Accordingly, it is

ORDERED that the "Motion to Amend Complaint" (ECF No. 10) and the "Motion to Appoint Counsel for Plaintiff" (ECF No. 11) are denied.  It is

FURTHER ORDERED that Plaintiff shall have up to and including **August 14, 2015**, to file an amended complaint on the court-approved Prisoner Complaint form as directed.  It is

FURTHER ORDERED that the clerk of the court mail to Plaintiff, together with a copy of this order, a blank copy of the court-approved Prisoner Complaint form.  It is

FURTHER ORDERED that the instant action will be dismissed without further notice if Plaintiff fails within the time allowed to file a proper amended pleading on the court-approved Prisoner Complaint form that clarifies the claims he is asserting.

DATED July 15, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher
_____
United States Magistrate Judge